```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH ELLIOTT, Sr.,                 )
                                     )
                 Plaintiff,          )
                                     )
           v.                        )  Civil Action No. 07-289
                                     )  Judge Joy Flowers Conti/
LOUIS S. FOLINO, Superintendent;     )  Magistrate Judge Amy Reynolds Hay
DEAN GEEHRING, Mailroom Supervisor;  )
DAVID L. GRAINEY, Captain of the     )
Restricted Housing Unit; and         )
JEFFREY A. BEARD, Ph.D. Secretary    )
of the Pennsylvania Department of    )
Corrections,                         )
                                     )
                 Defendants.         )
```

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is recommended that, pursuant to the Prison Litigation Reform Act, Plaintiff's motion to proceed in forma pauperis be denied because he has acquired "three strikes" within the meaning of 28 U.S.C. § 1915(g).

### REPORT

After a jury trial, Joseph A. Elliott, Sr. (Plaintiff), was convicted on October 28, 1994, of first degree murder, rape and involuntary deviate sexual intercourse. The Court, on December 8, 1994, formally imposed the sentence of death upon Plaintiff. Commonwealth v. Elliott, 700 A.2d 1243 (Pa. 1997). Plaintiff is currently incarcerated in the State Correctional Institution at Greene (SCI-Greene). On February 27, 2007, Plaintiff executed the current civil rights complaint. On March 5, 2007, the Clerk's office received the complaint and docketed it as received albeit

without payment of the filing fee and without an application to proceed in forma pauperis ("IFP").  On March 26, 2007, the Clerk's office received and docketed Plaintiff's request to proceed IFP.  Dkt. [2].  The IFP application was accompanied by a certified statement of funds in Plaintiff's prison account.  The account officer certified the account statement on March 22, 2007.  Hence, Plaintiff sent the IFP application after he had sent the complaint.

In the proposed complaint, Plaintiff named as defendants, Jeffrey Beard, the Secretary of the Department of Corrections, Louis Folino, the Superintendent of SCI-Greene, Dean Geehring, the mailroom supervisor of SCI-Greene and, David Grainey, the Captain of the Restricted Housing Unit, where Plaintiff is apparently being housed.

The complaint essentially complains that in December 2006 and January 2007, Defendant Beard ordered his subordinates to "prohibit Plaintiff from mailing out any letters of legal mail to anyone with Plaintiff's artistic writings on [the] outside of envelopes."  Dkt. [1] at 6, ¶ IV.C.  He further complains that Defendant Folino ordered Defendants Geehring and Grainey to not mail "any and all legal mail from Plaintiff with any writing outside of the addresses on the outside of the envelopes[.]" Id.  Plaintiff also complains that on various days of February 2007, Defendant Grainey returned legal mail to Plaintiff.  Id., at 9.  Plaintiff claims that these actions of interfering with his mail violates his First, Fourth,

2

Fifth, Sixth, Eighth and Fourteenth Amendment rights.  Id., at 6, ¶ III.

**Discussion**

It is a plaintiff's burden to prove entitlement to proceed IFP.  See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence."). Plaintiff has not met that burden.

The court takes judicial notice of court records and dockets of the Federal Courts.  DiNicola v. DiPaolo, 945 F.Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records).  Those dockets reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] See Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that  28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g) as he is incarcerated SCI-Greene.[2]  He has attempted to file this civil action by seeking to proceed IFP.  Because he has three strikes, he may not do so.  The three strikes that Plaintiff has accumulated are as follows.  The first strike is <u>Joseph A. Elliott, Sr. v. Former Mayor Wilson Goode</u>, No. 95-CV-536 (E.D. Pa. Order dismissing the case as frivolous dated 1/31/1995).[3]  The second strike is <u>Joseph A. Elliott, Sr. v. Leon O. Dark</u>, No. 96-CV-3421 (E.D. Pa. Dkt. 2, dated 5/3/96, order dismissing complaint as frivolous).  The third strike is <u>Joseph A. Elliott, Sr. v. Raymond Dorian</u>, No. 05-CV-1667 (W.D. Pa. Dkt. [28] order granting motion to dismiss for failure to state a claim docketed 1/10/07).[4]

---

[2] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

[3] The fact that this strike occurred before the enactment of the PLRA is no bar to counting this case as a strike.  <u>Keener v. Pennsylvania Bd. Of Probation and Parole</u>, 128 F.3d 143, 144 (3d Cir. 1997).

[4] No appeal was taken from this order and so the judgment became final 30 days later, i.e., February 9, 2007. <u>Raven v. Oppenheimer & Co., Inc.</u>, 74 F.3d 239, 241 (11th Cir. 1996) (judgment becomes final in 30 days where no appeal is taken).  While it is true that **after** the filing of the report and recommendation, which recommended the grant of the motion to dismiss, Plaintiff filed a motion seeking leave to withdraw the suit voluntarily, <u>Elliott v. Dorian</u>, No. 05-CV-1667 (W.D. Pa. Dkt. [27] filed December 11, 2006), the District Court adopted the Report and Recommendation and dismissed the case for failure to state a claim upon which relief could be granted.  Id., Dkt. [28], order filed 1/10/07.  The District Court's order did not specifically address Plaintiff's request for leave to withdraw the suit voluntarily but the District Court's order, granting the motion to dismiss is inconsistent with the grant of a voluntary dismissal and hence, the order denied Plaintiff's motion to withdraw *sub silentio*. <u>See</u>, <u>e.g.</u>,

Accordingly, at the time he sought to file his complaint, i.e., February 22, 2007,[5] the date whereon he executed his complaint, Plaintiff had at least three strikes.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001)(en banc)(construing the phrase "In no event shall a prisoner bring a civil action" to mean that "a prisoner may not file a new civil complaint").  Because he had three strikes, he may not proceed in forma pauperis, unless "the prisoner is under imminent danger of serious physical injury" as revealed by the complaint because imminent danger of physical injury must be assessed as of the time of filing the complaint.  Id.

Instantly, even the most liberal reading of the complaint reveals that Plaintiff was not in imminent risk of serious physical

---

Goodman v. New Horizons Community Service Bd., 2006 WL 940646, *3 (11th Cir. 2006) (unpublished opinion)("the entry of a final judgment implicitly denies any pending motions. *See Chalwest (Holdings) Ltd. v. Ellis*, 924 F.2d 1011, 1012 (11th Cir. 1991)(holding that appellant's request for an evidentiary hearing was denied *sub silentio* by the district court's order of dismissal)").

[5]  Given the prisoner mail box rule, the court will deem Plaintiff's attempt to file this action to be February 22, 2007, the date he executed his complaint.  The "prisoner mail box rule" provides that a pro se prisoner's complaint is "deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(applying rule to habeas petitions); Casanova v. DuBois, 304 F.3d 75, 79 (1st Cir. 2002) (applying rule to civil rights complaint).  In the absence of evidence as to when Plaintiff gave his Section 1983 complaint to the prison authorities for mailing for purposes of applying the prisoner mail box rule, the court deems the date of signing to be the date he sought to file his complaint. See, e.g., Johnson v. Coombe, 156 F.Supp.2d 273, 277 (S.D.N.Y. 2001)(holding that absent evidence of the date a prisoner gives the complaint to prison authorities, the court will use the date he executed the complaint as the presumptive date of giving it to prison authorities).

injury at the time he sought to file his complaint. None of his allegations against the defendants appears to reveal any risk of physical injury at all. All of his complaints relate to his mail and alleged interference with his mail and his access to courts.

If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee and have his complaint filed so long as he does so within the applicable statute of limitations.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                                      Respectfully submitted,

                                      /s/ Amy Reynolds Hay
                                      United States Magistrate Judge

Dated: 2 April, 2007

cc:   Hon. Joy Flowers Conti
      United States District Judge

      Joseph A. Elliott, Sr.
      CA-1717
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370