IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ELLIOTT, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-289 |
| | ) | |
| LOUIS S. FOLINO, Superintendent; | ) | Judge Joy Flowers Conti/ |
| DEAN GEEHRING, Mailroom Supervisor; | ) | Magistrate Judge Amy Reynolds Hay |
| DAVID L. GRAINEY, Captain of the | ) | |
| Restricted Housing Unit; and | ) | |
| JEFFREY A. BEARD, Ph.D. Secretary | ) | |
| of the Pennsylvania Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights action was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. Thereafter, Magistrate Judge Hay issued a Report and Recommendation ("Report"), Dkt. [3], recommending that the application to proceed in forma pauperis filed by Joseph A. Elliott, Sr., (the "Plaintiff"), be denied because he has three strikes pursuant to 28 U.S.C. § 1915(g).

Presently before the court are Plaintiff's Objections to the Report. Dkt. [4]. The court finds that none of the objections are persuasive.

The Report listed the three strikes as follows: (1) <u>Joseph A. Elliott, Sr. v. Former Mayor Wilson Goode</u>, No. 95-CV-536 (E.D. Pa.) (order entered Jan 31. 1995, dismissing the case as frivolous); (2) <u>Joseph A. Elliott, Sr. v. Leon O. Dark</u>, No. 96-CV-3421 (E.D. Pa.) (order entered May 3, 1996,

dismissing complaint as frivolous); and (3) Joseph A. Elliott, Sr. v. Raymond Dorian, No. 05-CV-1667 (W.D. Pa.) (order entered dated Jan. 10, 2007, granting motion to dismiss for failure to state a claim).[1]

In his objections, Plaintiff only questions one of the three strikes, namely the second strike, Joseph A. Elliott, Sr. v. Leon O. Dark, No. 96-CV-3421 (E.D. Pa.) (order entered May 3, 1996). Plaintiff complains that he is not the only Joseph A. Elliott in the Pennsylvania Department of Corrections serving time. He further asserts that "in 1996, the Plaintiff was not anywhere in the Eastern District of Pennsylvania and therefore would not have had any reason to have filed a suit in that District." Dkt. [4-1] at 1, ¶ 6. Plaintiff contends that the case "cannot be the Plaintiff's case." Id.

The Court notes that on the docket of the Leon Dark case, which was classified as a prisoner civil rights case, not only does Plaintiff's name appear as "Joseph A. Elliott, Sr.," but, also, his Department of Corrections inmate number appears on the docket as "CA-1717" and he listed an address in Waynesburg, Pennsylvania.[2] That is the very same inmate number which appears on the docket of the case at bar, as well as on the dockets of the two cases counted as strikes which Plaintiff does not contest are his. The

---

[1] No appeal was taken from this order and so the judgment became final 30 days later, i.e., February 9, 2007. Raven v. Oppenheimer & Co., Inc., 74 F.3d 239, 241 (11th Cir. 1996) (judgment becomes final in 30 days where no appeal is taken). While it is true that after the filing of the report and recommendation, which recommended the grant of the motion to dismiss, Plaintiff filed a motion seeking leave to withdraw the suit voluntarily, Elliott v. Dorian, No. 05-CV-1667 (W.D. Pa. Dkt. [27] filed Dec. 11, 2006), the district court adopted the Report and Recommendation and dismissed the case for failure to state a claim upon which relief could be granted. Id., Dkt. [28], order filed 1/10/2007. The district court's order did not specifically address Plaintiff's request for leave to withdraw the suit voluntarily, but the district court's order, granting the motion to dismiss is inconsistent with the grant of a voluntary dismissal. Hence, the order denied Plaintiff's motion to withdraw *sub silentio*. See, e.g., Goodman v. New Horizons Community Service Bd., 2006 WL 940646, *3 (11th Cir. Apr. 12, 2006) (unpublished opinion)("the entry of a final judgment implicitly denies any pending motions. See Chalwest (Holdings) Ltd. v. Ellis, 924 F.2d 1011, 1012 (11th Cir. 1991)(holding that appellant's request for an evidentiary hearing was denied *sub silentio* by the district court's order of dismissal)").

[2] The address listed was:
S.C.I. Greene
1040 East Roy Furman Highway
Waynesburg, PA 15370-8090

docket for the Raymond Dorian case also listed an address in Waynesburg, Pennsylvania.[3] The Court knows from general experience with prison litigation that inmate identification numbers are unique to a given prisoner; in other words, no two prisoners would have the same Department of Correction inmate number.

With respect to Plaintiff's point that he was not anywhere in the Eastern District of Pennsylvania, it is mostly irrelevant whether Plaintiff was present in that district in 1996 because proper venue for a federal civil rights (i.e., a federal question) law suit is largely determined by locus of the defendant or the location of the tortious actions giving rise to the lawsuit. See, e.g., 28 U.S.C. § 1391(b). Tellingly, the address listed for plaintiff on the docket was in Waynesburg, Pennsylvania and this court takes judicial notice that Waynesburg, Pennsylvania is within the Western District of Pennsylvania. In other words, Plaintiff did not have to be in the Eastern District of Pennsylvania to initiate a lawsuit there.

To the extent that Plaintiff argues he cannot sufficiently refute the fact that the Leon Dark case was indeed initiated by him without seeing the actual suit, the case is a public record and he could have requested a copy of any of the filings in that case from the United States District Court for the Eastern District of Pennsylvania. That he has not done so redounds to his detriment for, as properly noted in the report, it is a plaintiff's burden to prove entitlement to in forma pauperis status and Plaintiff herein clearly has not met that burden.

The record here is sufficient for the court to conclude that the case of Joseph A. Elliott, Sr. v. Leon Dark, No. 96-CV-3421 (E.D. Pa.) (dismissed as frivolous by order entered May 3, 1996), was a case brought by Plaintiff and that it counts as a strike against Plaintiff, giving him three strikes and disqualifying him from proceeding in forma pauperis in this case.

---

[3] The address listed was:
    175 Progress Drive
    Waynesburg, PA 15370

3

After *de novo* review of the pleadings and the documents in the case, the following order is entered:

**AND NOW**, this 23rd day of May, 2007,

**IT IS HEREBY ORDERED** that the Plaintiff's motion to proceed in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Dkt. [3], filed on April 3, 2007, by Magistrate Judge Hay, is adopted as the opinion of the court.

Lastly, the court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: The Honorable Amy Reynolds Hay
United States District Judge

Joseph A. Elliott, Sr.
CA-1717
SCI Greene
175 Progress Drive
Waynesburg, PA 15370